**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.:**

ANTHONY MODICA, and all
others similarly situated pursuant to
29 U.S.C. §216(b),

    Plaintiff,

vs.

ONE BOCA WEST GROUP LLC, a Florida
limited liability company, and COSTAS
MALTEZOS d/b/a CANNOLI KITCHEN,
an individual

    Defendants,
_____/

## COMPLAINT

Plaintiff, ANTHONY MODICA ("Plaintiff"), on behalf of himself and all others similarly situated, pursuant to 29 U.S.C. §216(b), files the following Complaint against Defendants, ONE BOCA WEST GROUP LLC, and COSTAS MALTEZOS d/b/a CANNOLI KITCHEN ("Defendants"), and alleges:

1. This is an action arising under the Fair Labor Standards Act, 29 U.S.C. §§201-216 (the "FLSA"), as well as Chapter 448.110, Florida Statutes.

2. At all times material hereto, Plaintiff was and is a resident of Palm Beach County, Florida, over the age of 18 years, and otherwise *sui juris*.

3. At all times material hereto, Defendant, ONE BOCA WEST GROUP LLC ("ONE BOCA"), was and is a Florida corporation located within Palm Beach County, Florida, and transacting business within Palm Beach County, which is located within this District.

4. At all times material hereto, Defendant, COSTAS MALTEZOS, d/b/a CANNOLI KITCHEN

("MALTEZOS"), was and is a resident of this District, operating the Defendant company, ONE BOCA, within Palm Beach County, Florida, over the age of 18, and otherwise *sui juris*.

5. At all times material hereto, upon information and belief, ONE BOCA was the FLSA employer during Plaintiff's relevant period of employment.

6. MALTEZOS is the corporate officer and/or owner and/or manager or managing member of the Defendant company and runs and has ultimate control and decision making authority over ONE BOCA for the relevant time period, and was responsible for setting and paying ONE BOCA employees' wages for the relevant time period and had ultimate control and authority over ONE BOCA employees' work and work schedule, and was therefore Plaintiff's employer as defined by 29 U.S.C. §203(d) during the relevant employment period.

7. Defendants' business activities involved those to which the FLSA applies. The Defendants' business and Plaintiff's work for the Defendants affected interstate commerce because the materials and goods used on a constant and/or continuous basis moved through interstate commerce prior to or subsequent to Plaintiff's use of the same. Plaintiff's work for the Defendants was in and/or so closely related to interstate commerce while he worked for the Defendants that the FLSA clearly applies to Plaintiff's work for the Defendants in this case.

8. Defendants regularly employed two or more employees during the relevant time period who handled goods or materials similar to those handled by Plaintiff or used the instrumentalities of interstate commerce or the mails, thus making Defendants' business an enterprise covered by the FLSA.

9. Upon information and belief, ONE BOCA grossed or did business in excess of $500,000.00 annually during the relevant time period.

10. Plaintiff worked as a cook for the Defendants, which operate a restaurant in Boca Raton, Florida, known as the Cannoli Kitchen. During the period of Plaintiff's employment, Plaintiff was paid $15.00 per hour without any regard for whether overtime was worked (which it always was). When Plaintiff raised this issue, he was told that the Defendant restaurant does not pay overtime. The FLSA violations set forth herein were therefore intentional. On information and belief, none of the employees at the subject restaurant were paid overtime. Plaintiff's preliminary calculation of amounts owed to him alone (subject to change during discovery) are as follows:

| TIME PERIOD | HOURS WORKED | RATE | PAID | OVERTIME HOURS | OVERTIME OWED | LIQUIDATED DAMAGES |
|---|---|---|---|---|---|---|
| [1]10/13-10/19 | 72.72 | 15.00 | 1090.80 | 32.72 | 245.40 | 245.40 |
| 10/20-10/26 | 72.72 | 15.00 | 1090.80 | 32.72 | 245.40 | 245.40 |
| 10/27-11/03 | 72.72 | 15.00 | 1090.80 | 32.72 | 245.40 | 245.40 |
| 11/04-11/10 | 69.09 | 15.00 | 1035.90 | 19.06 | 142.95 | 142.95 |
| 11/11-11/17 | 57.33 | 15.00 | 859.95 | 17.33 | 129.97 | 129.97 |
| 11/18-11/24 | 65.74 | 15.00 | 986.10 | 15.74 | 118.05 | 118.05 |
| 11/25-12/01 | 53.50 | 15.00 | 802.50 | 13.50 | 101.25 | 101.25 |
| 12/02-12/08 | 63 | 15.00 | 945 | 23 | 172.50 | 172.50 |
| 12/09-12/15 | 59.74 | 15.00 | 896.10 | 19.74 | 148.05 | 148.05 |
| 12/16-12/22 | 50.23 | 15.00 | 753.45 | 10.23 | 76.72 | 76.72 |
| 12/23-12/29 | 48.73 | 15.00 | 725.55 | 8.37 | 62.77 | 62.77 |
| 1/06-1/12 | 46.99 | 15.00 | 704.88 | 6.99 | 52.42 | 52.42 |

---

[1] October paystubs are not in Plaintiff's possession. Numbers based on estimates derived from figures appearing on paystubs as of the beginning of the month of November 2019.

11. All acts and omissions giving rise to this dispute took place within Palm Beach County, Florida, and Defendants are headquartered and doing business in Palm Beach County, Florida.

12. Jurisdiction is proper within the Southern District of Florida pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §§1331 and 1337.

13. Venue is proper within this District pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1391(b).

## COUNT I
## FEDERAL OVERTIME WAGE LAW VIOLATIONS

14. Plaintiff re-avers and re-alleges Paragraphs 1 through 13 above, as though fully set forth herein.

15. This case is brought as a collective action pursuant to 29 U.S.C. §216(b) inasmuch as, upon information and belief, Defendants have employed numerous other employees, similarly situated to the Plaintiff, who have not been paid overtime for work done in excess of 40 hours during the time period commencing three years prior to the filing of this Complaint through the date on which this Complaint was filed.

16. 29 U.S.C. §207(a)(1) states, *inter alia*, that "if an employer employs an employee for more than 40 hours in any work week, the employer must compensate the employee for hours in excess of 40 at the rate of at least one and one and half times the employee's regular rate…"

17. Defendants' failure, through today's date, to pay amounts owed pursuant to the Fair Labor Standards Act, is willful and intentional. Defendants knew of the overtime requirements of the Act and either intentionally avoided or recklessly failed to investigate proper payroll practices as they relate to the law. Accordingly, Plaintiff is entitled, and specifically requests, liquidated damages in an amount equal to double the unpaid time and a half that is due and owing. Plaintiff further requests all reasonable attorney's fees and litigation costs from the Defendants, jointly and severally, pursuant to the FLSA as cited above, with all amounts set

forth hereinabove to be proven at trial, in a trial by jury, and for entry of judgment for such other amounts as this Court deems just and equitable under the circumstances.

18. Further, upon information and belief, Defendants have employed other individuals during the subject time period, and each of these individuals was not paid a full and proper overtime wage as required by Florida and Federal law, and Plaintiff reserves the right to add additional persons to this action plaintiffs, and to move this Court for certification of a collective action.

WHEREFORE, Plaintiff, ANTHONY MODICA, respectfully requests certification of a collective action of all current and former employees of Defendants, ONE BOCA WEST GROUP LLC, and COSTAS MALTEZOS d/b/a CANNOLI KITCHEN, and award Plaintiff and the collective double all unpaid overtime wages as provided by the Fair Labor Standards Act, as well as all reasonable attorney's fees and litigation costs from the Defendants, ONE BOCA WEST GROUP LLC, and COSTAS MALTEZOS d/b/a CANNOLI KITCHEN, jointly and severally, pursuant to the Fair Labor Standards Act, and all such other amounts as this Court may deem and equitable under the circumstances.

## JURY TRIAL DEMAND

Plaintiff hereby requests and demands a trial by jury on all such claims.

**DATED** this **12th** day of **February**, 2020.

                                          Respectfully Submitted,

                                          **Law Offices of Nolan Klein, P.A.**
                                          *Attorneys for Plaintiff*
                                          5550 Glades Rd., Ste 500
                                          Boca Raton, Florida 33431
                                          PH:    (954) 745-0588

                                          By:  */s/ Nolan K. Klein*
                                                 NOLAN K. KLEIN
                                                 Florida Bar No. 647977
                                                 klein@nklegal.com
                                                 amy@nklegal.com