**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 9:20-cv-80212-RS**

ANTHONY MODICA, and all
others similarly situated pursuant to
29 U.S.C. §216(b),

      Plaintiff,

vs.

ONE BOCA WEST GROUP LLC, a Florida
limited liability company, and COSTAS
MALTEZOS d/b/a CANNOLI KITCHEN,
an individual

      Defendants,

_____/

**JOINT MOTION TO APPROVE FLSA SETTLEMENT**
**AND TO DISMISS CASE WITH PREJUDICE**

Plaintiff ANTHONY MODICA ("Modica") and Defendants, ONE BOCA WEST

GROUP LLC, and COSTAS MALTEZOS (collectively "Defendants"), file this Joint Motion

to approve the Parties' settlement and dismiss this case with prejudice and state as follows:

1.     On February 12, 2020, Plaintiff filed his Complaint in the instant action. D.E. 1.

In the Complaint, Plaintiff asserted claims of failure to pay overtime wages in

violation of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.*

("FLSA").

2.     The Defendants deny any wrongdoing under the FLSA and deny that the

Plaintiff is entitled to any relief whatsoever.

3.     Nevertheless, the Parties recognize that litigation is costly and the outcome is

uncertain. To avoid the costs and uncertainty of further litigation, the Parties

negotiated a settlement of this matter.

4.   The Parties have been represented by counsel during the litigation and negotiation process and the Parties agree, based on the scope of the claims, the disputed legal and factual issues relating to their claims and defenses, and the costs of continued litigation, that the settlement represents a fair and reasonable resolution of Plaintiff's claims.

5.   A written settlement agreement between the Defendants and Plaintiff has been prepared that memorializes the terms of the settlement. The Parties' have submitted this Settlement Agreement to the Court by email for *in camera* review. In accordance with the applicable requirements for settling an FLSA claim, the Parties hereby seek the Court's approval of the settlement reached in this matter and request that the matter be dismissed, with prejudice.

## **MEMORANDUM OF LAW**

6.   Pursuant to Eleventh Circuit precedent, judicial review and approval of an FLSA settlement involving a compromise provides final and binding effect. *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor,* 679 F.2d 1350 (11th Cir. 1982). As the Eleventh Circuit held in *Lynn's Food:*

> There are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them…The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

*Id.* at 1352-53.

7.    In accordance with *Lynn's Food,* the Court's review of the Parties' settlement is to determine if it is a "fair and reasonable resolution of a *bona fide* dispute." *Id.* at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354. In determining whether the settlement is fair and reasonable, the Court may consider the following factors:

(1)  the existence of fraud or collusion behind the settlement;
(2)  the complexity, expense, and likely duration of the litigation;
(3)  the stage of the proceedings and the amount of discovery completed;
(4)  the probability of Plaintiff's success on the merits;
(5)  the range of possible recovery; and
(6)  the opinions of the counsel.

*See Leverso v. South Trust Bank of Ala., Nat. Assoc.,* 18 F.3d 1527, 1531, n. 6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.,* No. 6:05-cv-592-Orl-22JGG, 2007 U.S. Dist., LEXIS 10287 at *2-3 (M.D. Fla. Jan. 8, 2007).

8.    In this case, Plaintiff was employed as a cook for Defendants at their restaurant in Boca Raton, Florida. plaintiff alleges that he was not paid overtime for certain hours worked for the Defendants, as set forth more fully in his Complaint. Plaintiff alleges that he is entitled to the full overtime wage for unpaid hours worked. Plaintiff alleges that the violations were willful, and that he is entitled to liquidated damages, and fees and costs. Defendants deny Plaintiff's allegations and allege that Plaintiff was paid for all hours suffered or permitted to work. Defendants deny that Plaintiff is entitled to liquidated damages. Early in this litigation, in an effort to resolve this matter, Defendants offered an amount

acceptable to plaintiff, which he indeed accepted.

9.    The Parties have agreed to resolve the matter for a total of $7,500.00. Plaintiff is receiving $3,500 divided equally between overtime and liquidated damages. These payments are to be paid in two equal installments; one payment within thirty days after the settlement agreement was signed, and one payment thirty days after thereafter. The remaining $4,000 is allocated to Plaintiff's attorney's fees and costs, and will be paid over a three-month period, with the third and final payment due thirty days after Plaintiff's full payment is due. This includes $470.00 in costs reasonably incurred in this case. The fees paid cover approximately 8 hours of attorney time, including all time spent form initial client intake through submission of the settlement and this motion for approval. The settlement reached in this case did not involve coercion, collusion or any undue influence, but was instead agreed upon voluntarily and after due consideration and extended negotiation. To this end, both Plaintiff and Defendants have at all times been represented by competent counsel experienced in the litigation of FLSA claims, and the Parties' Agreement represents a reasonable compromise of Plaintiff's claims, including FLSA liability, computation of back wages, and the application of various defenses the Defendants could have raised in opposition to Plaintiff's claims. Furthermore, the attorney's fees and costs being paid by the Defendants under the Parties' settlement are in full satisfaction of all attorney's fees and costs owed to Plaintiff's counsel, were agreed to separately and without regard to the amount paid to the Plaintiff, and the Plaintiff has <u>no</u> further obligation to Plaintiff's counsel for any additional attorney's fees or costs. Plaintiff's recovery in this case is total, and will not be compromised or diminished by any contract between them and their counsel.

10. Based upon the facts and circumstances of this case, the Parties jointly advise the Court that the amount the Defendants have agreed to pay under the terms of the Parties' Agreements is a fair and reasonable settlement of a *bona fide* dispute. The Parties therefore respectfully submit that the Parties' settlement should be approved by the Court consistent with applicable precedent, including *Lynn's Food,* 679 F.2d at 1353, with the Court retaining jurisdiction to enforce the Parties' settlement agreement.

WHEREFORE, the Parties respectfully request that the Court enter an Order finding the settlement fair and reasonable, dismissing the case with prejudice, granting such other and further relief as is appropriate, and retaining jurisdiction to enforce the Parties' settlement agreement.

Respectfully submitted this 19th day of March, 2020.

LAW OFFICES OF NOLAN KLEIN, P.A.       CHARLES L. JAFFEE

By:   */s/ Nolan Klein*                  By:   */s/ Charles L. Jaffee*
NOLAN KLEIN, ESQ.                  CHARLES L. JAFFEE, ESQ.
Florida Bar No. 647977             Florida Bar No. 223417
5550 Glades Road, Suite 500        2671 NW 45th St.
Boca Raton, FL 33431               Boca Raton, FL 33434
Ph: (954) 745-0588                 Ph: (561) 416-7400
klein@nklegal.com                  Chuck12283@aol.com
*Attorneys for Plaintiff*             *Attorneys for Defendant*